**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| RONALD BASS, SR., <br> NOSAJ RONALD BASS, JR., <br> KAMIKA IRBY <br><br> Plaintiffs, <br><br> v. <br><br> PURDUE PHARMA, L.P., <br> PURDUE PHARMA, INC., <br> THE PURDUE FREDERICK, <br> And the XYZ COPRPORATION 1-20, <br> *et al.*, <br><br> Defendants. | Case No. 2:19-cv-19709 (BRM) (JAD) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs' Ronald Bass, Sr., Nosaj Ronald Bass, Jr., and Kamika Irby (collectively, "Plaintiffs") Complaint (ECF No. 1) and Application to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1-1).

When a non-prisoner seeks to proceed IFP under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his assets and attests to the applicant's inability to pay the requisite fees. *See* 28 U.S.C. § 1915(a); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) ("While much of the language in Section 1915 addresses 'prisoners,' section 1915(e)(2) applies with equal force to prisoner as well as nonprisoner *in forma pauperis* cases."); *Roy v. Penn. Nat'l Ins. Co.*, No. 14–

4277, 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. *See Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976).

Having reviewed Plaintiff's IFP application, the Court finds leave to proceed IFP is warranted and the application is **GRANTED**. Therefore, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Complaint is **DISMISSED**.

I. **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *See Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based"). A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109 (3d Cir. 2011).

## II. DECISION

Plaintiff Ronald Bass, Sr.[1] generally contends that Defendants are collectively responsible for causing his addiction to prescription opioids and seeks compensation for the personal consequences he has suffered as a result of that addiction. Those consequences include losing custody of his son during a state court proceeding, loss of employment with Honda Car Dealership in Union, NJ, and loss of future job opportunities. Plaintiff seeks to be included in an ongoing Multi-District Litigation ("MDL") against the pharmaceutical industry.[2] The Complaint also alleges a widespread government conspiracy between various actors and entities, including Plaintiff's former attorney, Gwendolyn O. Austin, Esq., the Honorable Gary J. Furnari, J.S.C., the U.S. Attorney's Office for the District of New Jersey, the Department of Justice, and the Department of Homeland Security.

Plaintiff's Complaint fails to satisfy Rule 8 because the allegations in the Complaint are unintelligible, disjointed, and fail to identify the events that give rise to Plaintiff's claims. Nowhere does Plaintiff provide any facts that, if taken as true, would constitute a legal claim against a specific Defendant. *See Earnest v. Ling*, 140 F. App'x 431 (3d Cir. 2005) (dismissing complaint where it "fails to clearly identify which parties [the plaintiff] seeks to sue "). Rather, the Complaint is replete with bald-faced assertions of misconduct and discrimination. This Court is not in the position to speculate what events may have occurred to give rise to the

---

[1] While there are three Plaintiffs listed in the caption, Plaintiffs Nosaj Ronald Bass, Jr. and Kamika Irby are not named at any other point in the Complaint. Additionally, all allegations in the Complaint are written in the first-person from the perspective of Ronald Bass, Sr. Therefore, this Opinion will refer to Ronald Bass, Sr. as "Plaintiff."

[2] The Clerk of the Judicial Panel on Multidistrict Litigation denied Plaintiff's request to join the MDL—a decision that was reflected in a November 22, 2019 Text Order entered on this Court's docket. (ECF No. 3).

various causes of action within Plaintiff's Complaint. Instead, pursuant to Rule 8, Plaintiff must offer a short and plain statement that outlines the specific allegations against each Defendant, which he has failed to do.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to satisfy Rule 8. Plaintiff has 30 days to file an amended complaint curing the deficiencies addressed herein. Failure to do so will result in the matter being dismissed with prejudice. An appropriate Order follows.


Date: February 21, 2020                                         */s/Brian R. Martinotti*
                                                                                **BRIAN R. MARTINOTTI**
                                                                                **UNITED STATES DISTRICT JUDGE**