<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| RONALD BASS, SR., | : | |
| NOSAJ RONALD BASS, JR., | : | |
| KAMIKA IRBY | : | |
| | : | Case No. 2:19-cv-19709 (BRM) (JSA) |
| Plaintiffs, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| PURDUE PHARMA, L.P., | : | |
| PURDUE PHARMA, INC., | : | |
| THE PURDUE FREDERICK, | : | |
| UNITED STATES DEPARTMENT OF | : | |
| JUSTICE, SECRETARY OF | : | |
| HOMELAND SECURITY, | : | |
| And the XYZ COPRPORATION 1-20, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiffs Ronald Bass ("Bass"), Sr., Nosaj Ronald Bass, Jr., and Kamika Irby's (collectively, "Plaintiffs")[1] Amended Complaint (ECF No. 6).[2] Having granted Plaintiffs' IFP application (ECF No. 5), the Court is required to screen Plaintiff's Amended

---

[1] The Court raises a concern that Plaintiffs have only provided contact information for Ronald Bass Jr., and that Mr. Bass is the only plaintiff signing and submitting documents to the Court. If plaintiffs file another amended complaint, they are ordered to remedy this deficiency.

[2] Plaintiff also filed a motion for default judgment (ECF No. 7) and "motion for factual determination" (ECF No. 10). Because the motions were filed prior to the amended complaint being screened and because the amended complaint will be dismissed, those motions are denied.

Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Plaintiffs' filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE**.

I. **BACKGROUND**

On February 21, 2020, this Court screened and dismissed Plaintiffs' Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to satisfy Rule 8 and gave Plaintiffs leave to file an amended complaint that addressed the deficiencies in the original Complaint. (ECF No. 5.) Plaintiffs subsequently filed an Amended Complaint (ECF No. 6), as well as a several letters with exhibits and attachments (ECF Nos. 8, 9, 11-17), a motion for default judgment (ECF No. 7), and "motion for factual determination" (ECF No. 10).

II. **LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiffs are proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of the Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). See *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based"). A district court may dismiss a complaint *sua sponte* under Rule 8 if the "complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Tucker v. Sec'y United States HHS*, 645 F. App'x 136, 137 (3d Cir. 2016) (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). Further, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many

3

things discussed constituted [a cause of action]," *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. *Tillio v. Spiess*, 441 F. App'x 109 (3d Cir. 2011).

### III. DECISION

Plaintiffs again seek to file their claims under the False Claims Act, 31 U.S.C. §§ 3729–3733, and to be included in the ongoing Multi-District Litigation (MDL) 2804, *In Re: National Prescription Opiate Litigation*, against the pharmaceutical industry. Plaintiffs attach what appears to be a series of confidential 2019 letters from the New Jersey Supreme Court District Ethics Committee regarding a grievance Bass filed against attorney Gwendolyn Austin. (ECF No. 6-1.) Plaintiffs also attach a letter Bass wrote to the JPML dated February 29, 2020 letter pleading facts similar to those in the Amended Complaint. (*Id.*) However, the JPML previously denied Plaintiff's request to join the MDL—a decision that was reflected in a November 22, 2019 Text Order entered on this Court's docket. (ECF No. 3.) Plaintiffs provide no reason why that decision should be overturned, nor does this Court have the power to grant such relief. As such, Plaintiffs' request to join the MDL and plead claims under the False Claims Act are denied.

Plaintiffs' Amended Complaint also includes twelve numbered allegations against various actors. The Supreme Court held in *Iqbal*, "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . . Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." 556 U.S. at 648 (citations and internal quotation marks omitted). For the reasons set forth below, each of Plaintiffs' claims fails to satisfy Rule 8.

### A. Equal Protection Claims

Plaintiffs allege that, because of Ronald Bass, Sr.'s "medically prescribed opiate addictions[,]" he was "denied equal protection of the constitution to received [sic] any type of federally assisted programs or state's programs" for himself or his son, Nosaj Ronald Bass, Jr. Plaintiffs further allege that the United States Department of Homeland Security and the State of New Jersey wrongfully shared information relating to his "parental rights, employment[s], and housings [sic]."

Plaintiffs fail to identify the state or federal programs that they allege wrongfully denied protections to Ronald Bass, Sr. and Nosaj Ronald Bass, Jr. Plaintiffs also do not specify what information they allege that the Department of Homeland Security and State of New Jersey shared, what parties they shared it with, or why sharing such information was illegal or improper. Absent more specific allegations, this Court cannot allow the equal protections claim to proceed under Rule 8.

### B. Ineffective Counsel Claim

Plaintiffs allege that Ronald Bass, Sr. was "denied professional services of Gwendolyn O. Austin to take efficient, diligent, and defensive measures against allegations of the State of New Jersey Department of Youth and Family Services, et al.," including "any criminal offense or child neglect or abuse or unfit accusations of parental stability[.]" Without further explanation of Ms. Austin's alleged misconduct, such a bald-faced assertion does not satisfy Rule 8.

### C. Due Process Claim

Plaintiffs allege that Ronald Bass, Sr. was "denied due process to call an expert witness for my defense or to file a motion in limine under the confrontation clause to establish unqualified evidence[.]" However, Plaintiffs do not plead any additional facts to support this claim. It is unclear

from Plaintiffs' amended complaint and subsequent filings what judicial proceeding are being referring to in this claim. Additionally, Plaintiffs do not provide any information relating to the identity of the expert witness or nature of the motion in limine. Therefore, the allegations do not satisfy Rule 8.

### D. Denial of Employment by NY/NJ Longshoreman Association and Termination by Planet Honda of Union, NJ

Plaintiffs allege that Ronald Bass, Sr. was "denied employment with the New York/New Jersey Longshoreman Association" as a result of his opiate addictions." Plaintiffs also allege that Ronald Bass, Sr. was terminated from a position at the Planet Honda Car Dealership in Union, New Jersey because of his opiate addictions. Neither of these claims provides a clear theory of legal liability. It is not clear to this Court whether these allegations are asserted against the pharmaceutical companies or the employers listed in the Amended Complaint. Moreover, Plaintiffs fail to identify how those employment decisions were unlawful or improper.

### E. Traffic Ticket from 2015 in Woodbridge, NJ

Plaintiffs allege that Ronald Bass, Sr. received a traffic ticket in 2015 in Woodbridge, NJ and "paid a fine for [the] traffic ticket under an opiate related federal and state's investigation[.]" Again, the Amended Complaint does not state which party Plaintiffs seek to hold liable for this ticket, nor does it provide sufficient detail to allow this Court to identify a cause of action.

### F. Claim against Hon. Garry J. Furnari, J.S.C. and State's Witness Relating to Trial

Plaintiffs allege that Ronald Bass, Sr. was "wrongfully accused by Judge Garry J. Furnari, J.S.C. of New Jersey Superior Court of anti-social behavior of drug related accusation." Plaintiffs further allege that a State's witness wrongfully accused Ronald Bass, Sr. of drug use during trial testimony.

A judicial officer in the performance of his or her duties enjoys absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Absolute judicial immunity applies to all claims, whether official-capacity or personal-capacity, based on judicial acts. *See Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) ("[J]udges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity.") (3d Cir. 2010) (citing *Briscoe v. LaHue*, 460 U.S. 325, 334, 103 S. Ct. 1108, 75 L. Ed. 2d 96 (1983)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority ...." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). The immunity is not vitiated by "allegations of malice or corruption of motive." *Gromek v. Maenza*, 614 F. App'x 42, 45 (3d Cir. 2015) (quoting *Gallos v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000)).

"[Judicial] immunity is overcome in only two sets of circumstances." *Mireles*, 502 U.S. at 11. "First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity." *Id.* In determining whether an act qualifies as a "judicial act," courts look to "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectation of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

Plaintiffs' allegations against Judge Furnari relate to statements made during a custody proceeding in which the New Jersey Superior Court had proper jurisdiction. Such statements are explicitly protected by judicial immunity. Further, Plaintiffs do not identify the State's witness that allegedly made false statements against Ronald Bass, Sr. in court. The failure to name a defendant violates the requirement of fair notice under Rule 8 and, as such, Plaintiffs' claim cannot stand.

### G.  Relinquishing of Apartment at 1 Emerson Lane in Warren, NJ

Plaintiffs allege that Ronald Bass, Sr. had to "relinquish my apartment because my landlord was given misleading information of drug-related allegations, my lease/rental agreement was terminated with 1 Emerson Lane, Warren Township of Somerset [County], New Jersey[.]" Plaintiffs do not identify who provided the allegedly misleading information or what that information was. Absent such basic factual assertions, this Court cannot adjudicate any claim under Rule 8.

### H.  Interference with Federal and State Opportunities

Plaintiffs allege that Ronald Bass Sr.'s addiction to opioids has caused problems with background checks relating to employment, housing, and other activities protected by state or federal law. The allegations in this claim are far too vague to constitute a cognizable cause of action. Plaintiffs must identify the specific instances where they were allegedly denied access to services protected by state or federal law.

### I.  Claims against Hon. Joseph L. Linares, U.S.D.J.

Plaintiffs' allegations against former U.S. District Court Judge Joseph L. Linares are unclear. Plaintiffs' first allege that an unspecified opinion written by Judge Linares "has created a conflict of interest with New Jersey Attorney Ethics Committee, Secretary of District VA investigations and pursuing legal process for the evaluation of ineffective assistance or effective assistance of Gwendolyn O. Austin's responsibilities and contractual agreement she had with me; and my rights' to hold her responsible for professional malpractice[.]" Plaintiffs further allege that Judge Linares "trespassed on Civil Action No.: 95-1756 (MTB) [and] is liable for the conflict of interest dealing with the concern of Homeland Security sharing of the alleged information they have in retention, have denied me the rights to be indemnified by the defendants insurance[.]"

8

Judge Linares is also protected by judicial immunity. *Dongon*, 363 F. App'x at 155. While the specific allegations against Judge Linares are difficult to ascertain, it is clear that Plaintiffs have not pled any facts to circumvent the doctrine judicial immunity.

### J. Claim against State of NJ for Failure to Make Diligent Effort to Offer State or Federal Programs

Plaintiffs allege that "the State [of New Jersey] never made any diligent efforts to offer my son's mother the opportunities to any federal or state programs for her drug-related addictions[.]" However, Plaintiffs do not identify the state or federal programs that Kamika Irby was allegedly entitled to. Additionally, Plaintiffs fail to explain why the State of New Jersey has the affirmative responsibility reach out to its residents and provide state or federal benefits, rather than state residents applying for any programs they qualify for.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to satisfy Rule 8. Plaintiffs have 30 days to file one final comprehensive amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

Date: February 26, 2021                          */s/Brian R. Martinotti*
                                                 **BRIAN R. MARTINOTTI**
                                                 UNITED STATES DISTRICT JUDGE