**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

RONALD BASS, SR, *et al.*,

        Plaintiffs,

v.

PURDUE PHARMA L.P., *et al.*,

        Defendants.

Case No. 2:19-cv-19709 (BRM) (JSA)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

    Before the Court is the screening of Plaintiffs Ronald Bass ("Bass"), Sr., Nosaj Ronald Bass's (collectively, "Plaintiffs")[1] second amended complaint. (ECF Nos. 20, 23.) On February 21, 2020, the Court granted Bass's Application to Proceed *In Forma Pauperis* ("IFP"). (ECF No. 5.) On February 26, 2021, the Court screened and dismissed Bass's First Amended Complaint in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B) for failure to satisfy Rule 8 and gave Bass leave to file an amended complaint that addressed the deficiencies in the original Complaint. (ECF No. 18.) Bass subsequently filed a Second Amended Complaint (ECF No. 23)[2] as well as letters with exhibits and attachments. (EFF Nos. 24, 25.) The Court must screen Bass's Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B). Having reviewed Bass's filings, for the reasons

---

[1] A non-lawyer appearing *pro se* is not entitled to play the role of attorney for her children in federal court. *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882 (3d Cir. 1991). Bass's Second Amended Complaint appears to be asserting his claims only. Taking Bass's *pro se* status into consideration, the Court will construe all of the claims as Bass asserting them on behalf of himself.

[2] Bass filed two documents titled "Second Amended Complaint," (ECF Nos. 20, 23) and after reviewing both documents, the newer document (ECF No. 23) appears to be the operative document.

set forth below, and for good cause appearing, Bass's Second Amended Complaint is **DISMISSED WITH PREJUDICE.**

**I.  LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds IFP. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 09-5828, 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*.

When a plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of that complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. To survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8. Fed. R. Civ. P. 8(a) (requiring, as to complaints, "a short and

plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"); *Kanter v. Barella*, 489 F.3d 170, 175 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## II. DECISION

As a preliminary matter, Bass's Complaint violates Rules 8 and 20 because his Complaint is an amalgam of numerous claims against twenty-five defendants that are largely unrelated to each other. *See, e.g.*, *Salley v. Secretary Pennsylvania Dept. of Corrections*, 565 F. App'x 77, 80 (3d Cir. 2014) (affirming the district court's § 1915(e)(2)(B)(ii) dismissal of the plaintiff's complaint because it impermissibly attempted to join several unrelated claims against unrelated defendants, contrary to Rules 8 and 20); *Michael v. Garrett*, 2017 WL 4364407, at *1 (D.N.J. 2017) (screening the plaintiff's complaint under § 1915(e)(2)(B)(ii) and dismissing it because the plaintiff's complaint was "an amalgam of assertions that did not appear to be connected"); *DiPietro v. New Jersey*, Civ. A. No. 1:19-cv-17014-NLH-JS (D.N.J. Oct. 7, 2019) (same). Bass's claims arise from his various criminal convictions from 1992, his guardianship trial in 2012, his employment termination in 2013, and his denial of access to federal and state programs, which are all largely unrelated. In light of Bass's *pro se* status, to protect his interest, his pleadings will be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

In addition, Bass understands his case is not part of the Multidistrict litigation based on a decision from the United States Judicial Panel on Multidistrict Litigation. (ECF No. 23 at 5.) Indeed, that decision is the law of this case. *Pharmacy Benefit v. Caremarkspcs, Inc.*, 582 F.3d 432, 443 (3d Cir. 2009) (finding the law of the case doctrine is particularly applicable to multidistrict litigation).

After careful reading of Bass's Second Amended Complaint, the Court finds none of his claims satisfy Federal Rule of Civil Procedure 8.

### A. Equal protection claims against United States Department of Justice

Bass alleges his felony convictions denied him access to "receiving federal and states benefits or entitlements for governments programs, for low-income parents." (ECF No. 23, at 8.) Because Bass made this allegation under "equal protection claims," the Court understands Bass to be alleging unfair treatment due to his criminal convictions. Convicted felons are not a suspect class. *Enigwe v. U.S. Airways*, 438 F. App'x 80, 6 (3d Cir. 2011). According to Bass, he is a convicted felon. (ECF No. 10-2, at 83). "A legislative classification that does not affect a suspect category or infringe on a fundamental constitutional right 'must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Donatelli v. Mitchell*, 2 F.3d 508, 515 (3d Cir. 1993) (quoting *Federal Communications Commission v. Beach Communications, Inc.*, 508 U.S. 307, 313 (1993) (citations omitted)). In other words, the government's classification based on criminal status is not subject to Bass's challenge. Therefore, Bass's claims based on his equal protection theory are dismissed.

### B. Ineffective Counsel Claim against Ms. Austin

Bass takes issue with how Ms. Austin (Bass's lawyer) represented him in his child's guardianship hearing on February 6, 2012, and demands "Ms. Austin [be held] responsible," in addition to "punitive and compensatory damages." (ECF No. 23 at 10.) Allegations of ineffective assistance of counsel, however, do not provide a basis for relief in a civil case. *In re Fleurantin*, Civ. A. No. 09–4376, 2011 WL 1108246, at *2 (3d Cir. Mar. 28, 2011) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 n.10 (1962)). Additionally, legal malpractice claims are governed by the six-year statute of limitations established in N.J. Stat. Ann. § 2A:14-1. *Lanziano v. Cocoziello*,

701 A.2d 754, 756 (App. Div. 1997). This six-year statute of limitation period begins to run when a plaintiff first suffers damages and then discovers — or through the use of reasonable diligence should have discovered — the facts essential to their malpractice claim. *Id.* Bass documented his dissatisfaction regarding Ms. Austin's representation on February 27, 2013. (ECF No. 10-2 at 52-54.) In other words, February 27, 2013 is the date the statute of limitations for his claim against Ms. Austin began to run, and his claims against Ms. Austin are now barred by the statute of limitations. Therefore, Bass's claims against Ms. Austin must be dismissed.

**C. Due process claims against U.S. Department of Homeland Security, U.S Drug Enforcement Administration (DEA) and New Jersey Department of Law and Public Safety and New Jersey, State Parole Board (Essex, Middlesex, and Union Counties)**

Bass takes issue with the indictment process (ECF No. 23 at 8) that led to his felony conviction. (ECF No. 10-2 at 85.) Bass was sentenced on May 1, 1992. (*Id.*) Bass is asking the Court to vacate his 1992 conviction. (ECF No. 23 at 8.) The statute of limitations for Bass to vacate his 1992 conviction has long passed. *Long v. Wilson*, 393 F.3d 390, 393 (3d Cir. 2004) (explaining habeas corpus that vacates conviction must be filed within one year of the date on which a judgment becomes final). In other words, Bass can no longer challenge his 1992 felony conviction, and these claims are dismissed.

**D. Denial of Employment by NY/NJ Longshoreman Association and Termination by Planet Honda of Union, NJ**

Bass contends he was discriminated against by various companies while admitting termination and denial of employment was due to his "previous opiate-related addictions." (ECF No. 6 at 4.) While Bass never alleges the motivating force of his perceived discrimination, because he alleges he was terminated in 2013, the statute of limitations for Bass to challenge purported discrimination has passed. *See Burgh v. Bor. Council of Borough of Montrose*, 251 F.3d 465, 470,

471 (3d Cir. 2001) (explaining procedure for complaining unlawful employment practice). Bass never alleges he filed a complaint with the EEOC, and even if he did, the allegation occurred in 2013, which is far past the statute of limitations of 270 days. *Burgh*, 251 F.3d at 470. ("Both the 180-day period for filing the administrative complaint and the 90-day period for filing the court action are treated as statutes of limitations."). Therefore, these claims are dismissed.

### E.  Traffic Ticket from 2015 in Woodbridge, NJ

Bass takes issue with his "drug-related crimes" shared between federal agencies. (ECF No. 23, at 14.) However, Bass has no legal basis to claim privacy interest in his criminal convictions. *See Nunez v. Pachman*, 578 F.3d 228, 233 (3d Cir. 2009) (concluding that there was no privacy interest in expunged criminal records under the federal constitution). The criminal records that Bass demands agencies stop sharing are not even expunged. To the extent Bass is asking to vacate the underlying convictions, his challenges are all barred by the one-year statute of limitations. *Long*, at 393 (3d Cir. 2004) (explaining habeas corpus that vacates conviction must be filed within one year of the date on which a judgment becomes final). Therefore, these claims are dismissed.

### F.  Claims against Hon. Garry J. Furnari, J.S.C. and State's Witness Relating to Trial

Bass repleads the same claims as his First Amended Complaint against another judge of his criminal trial. The Court has already explained judicial immunity which applies to all judges. (ECF No. 18, at 8.) *See Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985) (holding that claims for damages against a state officer acting in his official capacity are barred by the Eleventh Amendment); *Chittister v. Dep't of Community and Economic Development*, 226 F.3d 223 (3d Cir. 2000) (holding Eleventh Amendment bars individuals from seeking monetary damages from state governments or state agencies). Bass's complaint against the State's witness also has no basis

in law. *Briscoe v. LaHue*, 460 U.S. 325, 331 (1983) (holding witness testimony absolutely immune from civil lawsuits). Therefore, these claims are dismissed.

### G. Claim against the State of NJ for Failure to Make a Diligent Effort to Offer State or Federal Programs

Bass takes issue with how the State of New Jersey operates the State and Federal programs. (ECF No. 23 at 16). Bass asks the Court to force the State of New Jersey to give Bass access to state or federal programs and ignore Bass's criminal history. Bass's suits against state governments are barred by the Eleventh Amendment. "The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought." *See Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (per curiam) (citing *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). Section 1983 does not abrogate New Jersey's Eleventh Amendment immunity. *See Alston v. Kean Univ.*, Nos. 13-2733, 13-3300, 2013 WL 6670997, at *2 (3d Cir. Dec. 19, 2013) (citing *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979)). In other words, Bass cannot force the State of New Jersey to offer him benefits and ignore laws considering his criminal records via a federal lawsuit. Therefore, these claims are dismissed.

## III.     CONCLUSION

For the reasons set forth above, Bass's Second Amended Complaint is **DISMISSED WITH PREJUDICE.**[3] An appropriate order follows.

          */s/ Brian R. Martinotti*
          **HON. BRIAN R. MARTINOTTI**
          **UNITED STATES DISTRICT JUDGE**

Dated:  December 6, 2021

---

[3] Bass was already given an opportunity to amend his Complaint. (ECF No. 19.) The Court notes most of his claims happened more than five years ago; some even happened in 1992. (ECF No. 23.) Indeed, amendment will be futile. *See Grayson v. Mayview State Hosp*, 293 F.3d 103, 114 (3d Cir. 2002) (recognizing long tradition of denying leave to amend under Rule 15(a) when amendment is inequitable or futile, and applying this tradition *in forma pauperis* plaintiffs).